# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| RONNIE GARCIA,                )<br>                                             )<br>              **Plaintiff,**         )<br>    v.                                     )          Civil Action No. 23-0007<br>                                             )<br>CRUZAN VIRIL, LTD., BEAM SUNTORY, )<br>INC., AYANDA DANIELS, CRUZAN RUM )<br>DISTILLERY, UNITED INDUSTRIAL    )<br>WORKERS OF THE SEAFARERS         )<br>INTERNATIONAL UNION, AFL-CIO, and )<br>EUGENE IRISH,                         )<br>                                             )<br>              **Defendants.**      )<br>_____)| |

**Appearances:**
**Ronnie Garcia,** *Pro Se*

**Micol L. Morgan, Esq.**
St. Thomas, U.S.V.I.
> *For Cruzan VIRIL, Ltd., Beam Suntory, Inc.,*
> *Ayanda Daniels, and Cruzan Rum Distillery*

**John J. Merchant, Esq.**
St. Croix, U.S.V.I.
> *For United Industrial Workers of the*
> *Seafarers International Union, AFL-CIO, and*
> *Eugene Irish*

## MEMORANDUM OPINION

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on Magistrate Judge Emile A. Henderson III's Report and Recommendation ("R&R") (Dkt. No. 57), in which the Magistrate Judge recommends that the Court grant Cruzan Viril, Ltd., Beam Suntory, Inc., and Ayanda Daniel's ("Cruzan Defendants")[1] "Motion to Dismiss Plaintiff's Amended Complaint" ("Second Motion to Dismiss")

---

[1] According to Cruzan Defendants, there is no legal entity in the U.S. Virgin Islands named "Cruzan Rum Distillery" that can sue or be sued. (Dkt. No. 41 at 1 n.1). For this reason, it is not included as one of the Cruzan Defendants.

(Dkt. No. 41) and dismiss without prejudice Plaintiff Ronnie Garcia's ("Garcia") "Amended Complaint for Employment Discrimination" ("Amended Complaint") (Dkt. No. 13). Magistrate Judge Henderson also recommends that Garcia be provided an opportunity to file a Second Amended Complaint to cure the deficiencies cited in the R&R related to Garcia's federal claims. (Dkt. No. 57 at 1). No party filed objections to the R&R.

The Court will adopt the R&R as set forth herein. The Court will therefore grant Cruzan Defendants' Second Motion to Dismiss, dismiss the Amended Complaint without prejudice, and decline to exercise supplemental jurisdiction over Garcia's territorial law claims unless accompanied by viable federal claims. Additionally, the Court will vacate the Magistrate Judge's earlier initial screening Report and Recommendation ("Screening R&R") (Dkt. No. 11) and deny as moot Cruzan Defendants' objections thereto ("Objections") (Dkt. No. 20). The Court will also afford Plaintiff forty-five days from the date of the Court's Order accompanying this Memorandum Opinion to file a Second Amended Complaint.

## I.    BACKGROUND

The following is a summary of the facts relevant to the R&R. On February 13, 2023, Garcia filed a Complaint against Cruzan Defendants, alleging that they violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA"). (Dkt. No. 1 at 3). In the Complaint, Garcia alleges that he was discriminated against based on race and disability and was retaliated against for seeking redress of his rights. *Id*. at 4. Garcia also asserts local law claims under the Virgin Islands' Wrongful Discharge Act ("WDA"), 24 V.I.C. § 76, and the Virgin Islands Civil Rights Act ("VICRA"), 10 V.I.C. § 64. *Id.* at 3. Garcia further alleges that he had received a "Notice of Right to Sue" letter from the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id.* at 5.

In essence, Garcia claims that he was retaliated against for reporting unsafe working conditions and informing his employer about his health issues. (Dkt. No. 1-1 at 3-4). On June 6, 2019, he alleges that he was asked to throw away "a huge area garbage bin" after he had clocked out on a day that he had informed his supervisor that he was experiencing back pain. *Id.* at 5. He states that the trash disposal should have been a two-person task but he was singled out to do it alone. *Id.* Garcia describes that he was first "disciplined and fired" for a situation related to the shutdown of the fuel gas system due to a mechanical issue during his shift on April 21, 2020 and was "suspended April 23, 2020 pending investigation." *Id.* at 4. Despite his assertion that he was "disciplined and fired," his employment appears to have continued. He asserts that he raised unsafe workplace practices, such as the lack of Personal Protective Equipment, on May 13, 2020, after which he was "retaliated on, discriminated against, harassed and bullied." *Id.* at 5. Garcia describes being "suspended pending investigation" on June 19, 2020 after the Plant Director saw him conversing with a fellow operator. *Id.* He states that he was suspended on July 26, 2020 because he "complained about unsafe work conditions," and was again disciplined and suspended on August 20, 2020 because he "made complaints about unsafe working conditions" to the Occupational Safety and Health Administration ("OSHA") and the National Labor Relations Board ("NLRB"). *Id.* at 3. He also describes an episode on September 9, 2020 in which he was directed to wear a mask in a hot working environment, and he became dizzy, had pain in his chest, and felt light-headed. *Id.* He alleges that he informed his supervisor, who demanded he leave immediately, and that he filed "a formal complaint" with the Human Resources Director. *Id.* Garcia states that he was suspended again on September 11, 2020 for reporting his "concerns about wearing the mask consistently in a humid and very hot day." *Id.* at 4. Garcia also asserts that he informed his supervisor regarding a back injury who in response "threatened to call the police." *Id.* at 3.

3

Garcia alleges that he received a termination letter on May 3, 2021, and that because he was a union member, he contacted the Union President, Eugene Irish ("Irish"), to try to get his job back. *Id.* at 2. He claims, however, that the Union President infringed on his rights and misrepresented him in the President's actions. *Id.* at 2-3. Plaintiff seeks compensation in the amount of $8,000,000 for yearly salary for each year beyond retirement, $2,000,000 for mental and emotional damage, and $10,000,000 for all health-related insurance and medical treatment, including mental, dental, and vision care, amounting to a total of $20,000,000 in damages. (Dkt. No. 1-2 at 2).

The Magistrate Judge previously issued a Screening R&R pursuant to 28 U.S.C. § 1915(e)(2) in which he granted Garcia's motion to proceed in forma pauperis, recommended that Garcia's Title VII claims for race discrimination and retaliation be dismissed without prejudice, and recommended that Garcia's ADA, VIWDA, and VICRA claims be allowed to proceed. (Dkt. No. 11 at 9). Following the Screening R&R, Garcia filed his Amended Complaint, which added Defendants United Industrial Workers of the Seafarers International Union, AFL-CIO, (the "Union") and Irish without alleging any new facts.[2] (Dkt. No. 13 at 2). On the same day, Cruzan Defendants filed their first "Motion to Dismiss Plaintiff's Complaint" ("First Motion to Dismiss") (Dkt. No. 18) and their Objections to the Screening R&R (Dkt. No. 20), arguing that all of Garcia's claims should be dismissed for failure to state a claim. Cruzan Defendants later filed their Second Motion to Dismiss (Dkt. No. 41), and withdrew their First Motion to Dismiss (Dkt. Nos. 53-54). The instant R&R recommends that the Screening R&R be vacated and the Objections denied as moot. (Dkt. No. 57 at 5, n.1). Because the Screening R&R is directed at the Complaint and

---

[2] While Defendants Union and Irish both filed Answers to the Amended Complaint (Dkt. No. 33), neither has either filed a Motion to Dismiss or joined the Cruzan Defendants' Second Motion to Dismiss.

4

therefore superseded by the instant R&R directed at the Amended Complaint, the Court will adopt that recommendation.

Cruzan Defendants' Motion to Dismiss seeks to dismiss the Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 41 at 1). They argue that Garcia's Title VII and ADA claims are time-barred and that Garcia failed to exhaust his administrative remedies related to those claims. (Dkt. No. 42 at 6-8). Cruzan Defendants also argue that Garcia's WDA claim is preempted by Section 301 of the Labor Management Relations Act, which grants federal courts jurisdiction to adjudicate violations of collective bargaining agreements ("CBA") between employers and labor organizations. *Id.* at 4; *see also* 29 U.S.C. § 185. They additionally argue that Garcia is not protected by the WDA due to Garcia's union membership and the CBA's alleged modification of Garcia's employment relationship with Cruzan. (Dkt. No. 42 at 8-12). Finally, Cruzan Defendants argue that Garcia fails to make a cognizable claim under VICRA. *Id.* at 12-13.

## II.    APPLICABLE LEGAL PRINCIPLES

### A. Standard of Review

A party may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). The objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3.

When reviewing a report and recommendation, a district judge must review *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ.

5

P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Supreme Court has instructed that, although 28 U.S.C. § 636 does not require the judge to conduct a *de novo* review if no objections are filed, the statute "does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). Accordingly, the Third Circuit has held that, even in the absence of objections to a report and recommendation, a district court should "afford some level of review to dispositive legal issues raised by the report." *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)). The Third Circuit has described this level of review as "reasoned consideration." *Equal Emp. Opportunity Comm'n*, 866 F.3d at 100.

The Advisory Committee Notes to the 1983 Amendments to Rule 72(b) of the Federal Rules of Civil Procedure state: "[W]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Some district courts have also adopted a "clear error" or "manifest injustice" standard for the review of those portions of a report and recommendation that are not contested. *Massie v. Finley*, 2021 WL 11108887, at *1 (M.D. Pa. June 2, 2021) (quoting 1983 Advisory Committee Notes that the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Cruz v. Chater*, 990 F.Supp. 375, 377 (M.D. Pa. 1998) (noting that court's review is limited to ascertaining whether there is "clear error on the face of the record'"); *see also Pratt v. Marsh*, 2021 WL 2188576 at *8 (E.D. Pa. May 28, 2021), *aff'd sub nom. Pratt v. Superintendent Benner Twp. SCI*, 2023 WL 5607516 (3d Cir. Aug. 30, 2023) (citations omitted) ("Uncontested portions of a report and recommendation, as well as portions to which untimely or general objections are made . . . at the very least . . . should be reviewed for

6

clear error or manifest injustice."). In passing, a panel of the Third Circuit has appeared to accept this standard. *See Seamon v. Shapiro*, 2025 WL 88837 at *2 (3d Cir. Jan. 14, 2025) ("The District Judge appropriately conducted a narrow review of the Magistrate Judge's report and recommendation for clear error or manifest injustice, because Seamon did not file objections to the report.").

### B. Failure to State a Claim

A complaint should be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Third Circuit follows the analysis set forth by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal* when considering a Rule 12(b)(6) motion:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must take note of the elements the plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quotations omitted).

"When assessing the merits of a Rule 12(b)(6) motion, we accept as true all factual allegations in the complaint and view those facts in the light most favorable to the non-moving party." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). Further the district court must "draw all reasonable inferences" from the allegations and also construe them "in the light most favorable" to the plaintiff. *Connelly*, 809 F.3d at 790 & n.2. "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to state a claim to relief that is plausible on its face." *See Nekrilov v. City of Jersey*, 45 F.4th 662, 668 (3d Cir. 2022) (citation modified). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Univ. of the Scis.*, 961 F.3d at 208.

## III.    DISCUSSION

More than fourteen days have passed and no objections to the R&R have been filed. Accordingly, the Court reviews the R&R with "reasoned consideration." *City of Long Branch*, 866 F.3d at 100.

### A. Civil Rights and ADA Claims

Cruzan Defendants' Second Motion to Dismiss requests that this Court dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. (Dkt. No. 41).[3] In the R&R, Magistrate Judge Henderson found that Garcia's discrimination claims under Title VII of the Civil Rights Act and his disability-related claims under the ADA should be dismissed as time-barred. (Dkt. No. 57 at 17). The Court agrees.

Individuals who assert claims under either Title VII or the ADA must bring suit in court within ninety days of receiving a Notice of Right to Sue letter. 42 U.S.C. § 2000e-5(f)(1) ("[W]ithin ninety days after the giving of [a Right to Sue letter,] a civil action may be brought against the respondent named in the charge [] by the person claiming to be aggrieved"); 42 U.S.C. § 12117(a) (extending the remedies and procedures set forth in the Civil Rights Act of 1964, including 42 U.S.C. § 2000e-5(f)(1), to individuals filing suit under the ADA); *see also Figueroa v. Buccaneer Hotel*, 188 F.3d 172, 176 (3d Cir. 1999) ("Section 2000e-5(f)(1) requires that claims brought under Title VII be filed within ninety days of the claimant's receipt of the EEOC right to

---

[3] The Court notes that Cruzan Defendants make very brief arguments in footnotes within their memorandum of law, asserting that the Amended Complaint should be dismissed because of a lack of personal jurisdiction over them under Fed. R. Civ. P. 12(b)(2), and insufficient service of process under Fed. R. Civ. P. 12(b)(5). (Dkt. No. 42 at 1-2 nn.2-3). These brief conclusory paragraphs are not sufficiently presented and argued—either legally or factually—to permit the Court to consider granting relief on Rule 12(b)(2) or Rule 12(b)(5) grounds. (Dkt. No. 42 at 1-2 nn.2-3). *See, e.g., Smajlaj v. Campbell Soup Co.*, 782 F.Supp.2d 84, 105 (D.N.J. 2011) (declining to decide a Rule 12(b)(6) motion to dismiss on Rule 12(b)(5) arguments made "in a footnote"). Accordingly, upon the Court's reasoned consideration, the Court will adopt the recommendation in the R&R and decline to rule on these arguments.

sue letter."). This requirement is treated as a statute of limitations rather than a jurisdictional prerequisite to suit. *See Figueroa*, 188 F.3d at 176.

In this case, Garcia did not attach the Notice of Right to Sue letter ("Letter") as instructed by the "Complaint for Employment Discrimination" form that he filed. (Dkt. No. 1 at 5). However, the Letter was referenced in the Complaint (Dkt. No. 1 at 5), and Cruzan Defendants provided a copy as part of its memorandum in support of the Second Motion to Dismiss. (Dkt. No. 42-2).

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Although the Letter was not attached to Garcia's Complaint, such letters have been considered as "integral to [the] claim" and as "public records which may thus be considered without converting the motion to dismiss into a motion for summary judgment." *Lane v. Exel, Inc.*, 2018 WL 1251835 at *2 (M.D. Pa. Mar. 12, 2018); *see also Ruddy v. U.S. Postal Serv.*, 455 F. App'x 279, 283 (3d Cir. 2011) (holding that an "EEOC file" referenced in a complaint "is integral" to those claims); *Boyd-Richards v. de Jongh*, 2012 WL 13682 at *4 (D.V.I. Jan. 4, 2012) ("Because the Notice of Right to Sue is a public record issued by a government agency, we may consider it without converting the defendants' motion to dismiss into a motion for summary judgment."). Accordingly, this Court will consider the Letter.

The Letter is dated October 18, 2021. (Dkt. No. 42-2 at 2). Although Garcia stated in his Complaint that he received the Letter, nothing before the Court evidences when the Letter was mailed by the EEOC or received by Garcia. Courts will presume both that "a notice provided by a government agency was mailed on the date shown on the notice," and that "a mailed document is received three days after its mailing." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664

9

F.3d 35, 37 (2d Cir. 2011); *see also Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999) ("[I]n the absence of other evidence, courts will presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it[.]"); *Edwards v. Bay State Mill. Co.*, 519 F. App'x 746, 748 (3d Cir. 2013) ("When the actual date of receipt is known, that date controls; where the actual date of receipt is unknown, courts will presume receipt took place three days after the EEOC mailed it."). Thus, the Court presumes that the Letter was mailed on the date of the Letter—October 18, 2021—and that it was received by Garcia three days later—on October 21, 2021.

These "presumptions [are] [] rebuttable one[s], but it is Plaintiff's burden to rebut the[se] presumption[s]." *Kirman v. United Parcel Serv., Inc.*, 2015 WL 7720494 at *6 (D.N.J. Nov. 30, 2015) (citation modified); *Tiberio*, 664 F.3d at 37 ("The initial presumption is not dispositive, however, if a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail." (citation modified)). No such effort has been made by Plaintiff. *Cf. Lomax v. PNC Bank, N.A.*, 2011 WL 2039084 at *1 (W.D. Pa. May 24, 2011) ("Plaintiff has not submitted any sworn or admissible evidence from which it could be reasonably conferred that he did not receive the letter until early 2011").

Having not presented any evidence to rebut the presumptions, the Court concludes that the Letter was mailed on October 18, 2021 and received on October 21, 2021. Garcia was therefore required to bring suit within ninety days, or by January 19, 2022. Because this case was not filed until February 13, 2023, Garcia's claims under the Civil Rights Act and the ADA are time-barred.

Because the ninety-day requirement to file is analogous to a statute of limitations—rather than jurisdictional—the R&R also opines that equitable tolling could apply to permit an untimely filing of this matter. (Dkt. No. 57 at 17); *see, e.g., Commc'ns Workers of Am. v. New Jersey Dep't*

10

*of Pers.*, 282 F.3d 213, 216-17 (3d Cir. 2002) ("Both [Title VII] requirements—exhaustion [of administrative remedies] and filing [in federal court]—are non-jurisdictional prerequisites, akin to statutes of limitations and are subject to waiver, estoppel and equitable tolling principles." (citation modified)); *Carter v. Keystone*, 360 F. App'x 271, 272 (3d Cir. 2010) ("We regard the ninety-day filing period as a statute of limitations, making it subject to the doctrine of equitable tolling."); *Myrick v. Discover Bank*, 662 F. App'x 179, 181-82 & n.2 (3d Cir. 2016) (noting that "[t]he ADA adopts the enforcement procedures of Title VII" and declining to equitably toll the ninety-day period for both Title VII and ADA claims). However, because Garcia did not respond to the Second Motion to Dismiss, there is no basis on which to consider whether the doctrines of equitable tolling, waiver, or estoppel apply. (Dkt. No. 57 at 17); *see also Carter,* 360 F. App'x at 273 ("Plaintiff bears the burden to show that equitable tolling is warranted.").

The R&R recommends that, as a *pro se* litigant, Garcia be given an opportunity to file a Second Amended Complaint, in which he could plead facts, if available, that would justify why equitable tolling or another equitable doctrine applies. (Dkt. No. 57 at 18-19). The Court agrees. Based on its reasoned consideration, the Court will dismiss, without prejudice, the Civil Rights Act and ADA claims against the moving Cruzan Defendants and the non-moving Union and Irish Defendants.[4] The Court will permit Garcia forty-five days from the date of the issuance of the Order accompanying this Memorandum Opinion to file a Second Amended Complaint.

---

[4] A district court may *sua sponte* dismiss a complaint as to a non-moving defendant when the grounds raised by the moving defendants are common to all defendants and the plaintiff had an opportunity to respond. *See Coulter v. Unknown Prob. Officer*, 562 F. App'x 87, 89 n.2 (3d Cir. 2014) (finding a district court's *sua sponte* dismissal of a complaint as to a non-moving defendant proper because the grounds raised by the moving defendants were common to all defendants and the plaintiff had an opportunity to respond). This Court agrees with the R&R that Garcia was provided notice and opportunity to respond, and the grounds for dismissing those claims against the nonmoving defendants are the same as those for the moving defendants. (Dkt. No. 57 at 17-18).

11

## B. WDA and VICRA Claims

The R&R does not recommend dismissing Garcia's local law claims, under the WDA and VICRA, based on the substance of those claims. (Dkt. No. 57 at 23, 24). However, the R&R recommends that the Amended Complaint be dismissed without prejudice in its entirety. (Dkt. No. 57 at 26).

District courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). "Considerations of judicial economy, convenience, and fairness to the parties [must] provide an affirmative justification" for exercising jurisdiction. *Simcic v. Pittsburgh Water & Sewer Auth.*, 605 F. App'x 88, 92 (3d Cir. 2015); *see also Figueroa*, 188 F.3d at 181 ("[T]he [district] court acted well within its discretion in dismissing Figueroa's remaining territorial claims, as it had dismissed the Title VII claim that provided the court with its jurisdiction."). In this regard, the Third Circuit has held that supplemental jurisdiction "should be declined where the federal claims are no longer viable, absent 'extraordinary circumstances.'" *Shaffer v. Bd. of Sch. Dirs.*, 730 F.2d 910, 912 (3d Cir. 1984) (citation modified).

The Court is unaware of any affirmative justification or extraordinary circumstances that would warrant the exercise of supplemental jurisdiction over the local law claims. No discovery appears to have taken place and the parties have not extensively litigated any issues before this Court. Because the Court agrees that this Court should not adjudicate the local claims in the absence of a viable federal claim, it will dismiss the local claims without prejudice unless and until viable a federal claim is presented to the Court for its adjudication. Garcia may include his local

12

claims, as appropriate, in any Second Amended Complaint in accordance with the Order of the Court.

## IV. CONCLUSION

In view of the foregoing, the Court will adopt Magistrate Judge Henderson's recommendation to grant Cruzan Defendants' Second Motion to Dismiss without prejudice, for failure to state claim pursuant to Rule 12(b)(6). Given the dismissal of the federal claims, the Court will decline to exercise supplemental jurisdiction over Garcia's territorial law claims, and will therefore dismiss those claims without prejudice. Further, the Court will adopt the R&R's recommendation to vacate the Screening R&R and deny as moot the Objections thereto. Finally, the Court will afford the Plaintiff forty-five days from the date of the issuance of the Order accompanying this Memorandum Opinion to file a Second Amended Complaint.

An appropriate Order accompanies this Memorandum Opinion.

Date: February 13, 2026  _____/s/_____
 WILMA A. LEWIS
 Senior District Judge